Richard C. Boardman, Bar No. 2922
Alison Hunter, Bar No. 8997
RBoardman@perkinscoie.com
AlisonHunter@perkinscoie.com
PERKINS COIE LLP
1111 West Jefferson Street, Suite 500
Boise, ID  83702-5391
Telephone:  208.343.3434
Facsimile:  208.343.3232

Kevin Díaz, (*pro hac vice* pending)
kdiaz@compassionandchoices.org
COMPASSION & CHOICES
4224 NE Halsey St., Suite 335
Portland, OR 97213
Telephone: 503.943.6532

Sara L. Ainsworth (*pro hac vice* pending)
sainsworth@legalvoice.org
LEGAL VOICE
907 Pine Street, Suite 500
Seattle, WA  98101
Telephone: 206.682.9552

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANNA ALMERICO, CHELSEA GAONA-LINCOLN, MICAELA AKASHA DE LOYOLA-CARKIN, and HANNAH SHARP, | Case No. |
| *Plaintiffs,* | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| LAWRENCE DENNEY, as Idaho Secretary of State in his official capacity, LAWRENCE WASDEN, as Idaho Attorney General in his official capacity, RUSSELL BARRON, as Director of the Idaho Department of Health and Welfare in his official capacity, and the STATE of IDAHO, | |
| *Defendants.* | |

## I.      INTRODUCTION

1.      Plaintiffs bring this action to challenge the constitutionality of an Idaho statute that invalidates an adult woman's otherwise lawful and enforceable health care directive (often referred to as an "advance directive" or "living will") if she has been diagnosed as pregnant. That law improperly infringes on the right to privacy in making medical decisions and subjects women of child bearing age to unequal and demeaning treatment in multiple ways.  First, the law on its face eliminates the right of a woman who has been diagnosed as pregnant to have her express decisions about medical treatment, including whether to request or decline life-sustaining measures, honored by her health care providers. Second, the law renders ineffective the right of a woman who has been diagnosed as pregnant to designate her health care agent.  Third, because of the law, the effectiveness of the health care directives of all women of childbearing age in Idaho is thrown into question until each woman's pregnancy status is determined. Additionally, Defendants have exceeded the statute's mandate by publicly stating that not only will the health care directives of women who have been diagnosed as pregnant be rendered null and void, but they will be forced to receive life-sustaining treatment for the duration of their pregnancies. Defendants' actions violate the United States Constitution's guarantees of due process and equal protection of the laws.

## II.      PARTIES

2.      Plaintiff Anna Almerico is a woman of child bearing age who resides in Boise, Idaho.

3.      Plaintiff Chelsea Gaona-Lincoln is a woman of child bearing age who resides in Caldwell, Idaho.

4.      Plaintiff Micaela de Loyola-Carkin is a woman of child bearing age who resides in Boise, Idaho.

5.      Plaintiff Hannah Sharp is a woman of child bearing age who resides in Boise, Idaho.

6.      The State of Idaho is a state in the United States of America.

7.      Defendant Lawrence Denney is the Idaho Secretary of State.  As the Idaho Secretary of State, he is responsible for filing health care directives in the Idaho Health Care Directive Registry.

8.      Defendant Lawrence Wasden is the Idaho Attorney General.  As the Idaho Attorney General, he is responsible for enforcing the laws of the State of Idaho, including the Act.

9.      Defendant Russell Barron is the Director of the Idaho Department of Health and Welfare (the "Department"), which is the agency charged with enforcement of the provisions of the Act.  *See* I.C. § 39-4514(11)(a).  He supervises the activities of the Department, including enforcement of the provisions of the Act and related Department rules, and the development of the Department's policies and interpretations of such laws.

### III.      JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States. This Court has personal jurisdiction over Plaintiffs and Defendants.

11.     This Court has authority to enter a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

12.     This Court has the authority to grant injunctive relief pursuant to 42 U.S.C. § 1983.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants reside and work in the District of Idaho.

### IV.      FACTS AND BACKGROUND

14.     The Medical Consent and Natural Death Act, I.C. §§ 39-4501 to 39-4515 (the "Act"), codifies "Idaho law concerning consent for the furnishing of hospital, medical, dental, surgical and other health care, treatment or procedures, and concerning what constitutes an informed consent for such health care, treatment or procedures."  I.C. § 39-4501(1)(a).  The Act recognizes the "fundamental right of competent persons to control the decisions relating to the

rendering of their medical care, including the decision to have life-sustaining procedures withheld or withdrawn." I.C. § 39-4509(1).

15.     One of the purposes of the Act is to "provide certainty and clarity in the law of medical consent in the furtherance of high standards of health care and its ready availability in proper cases." I.C. § 39-4501(1)(b). Accordingly, the Act creates a procedure whereby individuals may execute a "Living Will and Durable Power of Attorney for Health Care" (hereinafter "health care directive"), which specifies their wishes in regard to whether and under what circumstances life-sustaining procedures should be used to restore health and under what circumstances they shall be withheld or withdrawn in the event that the individual is unable to communicate his or her wishes and has a terminal injury, disease, illness, or condition. Executing a health care directive also allows individuals to designate a "health care agent" to make health care decisions on their behalf if they become incapacitated.

16.     Section 39-4510 of the Act provides that "[a]ny competent person" may execute a health care directive, which "shall be in substantially the following form, or in another form that contains the elements set forth in this chapter." The model form provided in the Act includes the following language: "If I have been diagnosed as pregnant, this Directive shall have no force during the course of my pregnancy." *Id.* (hereinafter, the "Pregnancy Exclusion").

17.     The Pregnancy Exclusion contained in Section 39-4510 violates the due process and equal protection rights guaranteed to Plaintiffs under the United States Constitution by singling out women of childbearing age for unequal and demeaning treatment, and invalidating their right to determine their medical treatment without justification. In order to protect these rights, Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 for relief declaring the Pregnancy Exclusion in I.C. § 39-4510 unconstitutional and enjoining Defendants from invalidating otherwise valid health care directives on the basis of pregnancy.

18.     Plaintiffs are women of child bearing age who have executed health care directives under the Act. They work in diverse professions ranging from non-profit administration to therapy. Three of them have children, one is pregnant with her second child,

and one is pregnant with her first child.  All of them want their respective health care decisions followed in the event that they become incapacitated and terminally ill and, accordingly, all have executed health care directives.  These directives include specific instructions about how much or how little medical intervention they want, depending on the circumstances, and who they want to carry out those wishes as their health care agents.  Some of their health care directives include provisions regarding pregnancy and some do not, reflecting their different expectations about their medical care in the event that they become terminally ill while pregnant.  None of their health care directives conform to Section 39-4510's model form because none of them specify that the directives will have no force or effect if Plaintiffs have been diagnosed as pregnant.

19.    Ms. Almerico is 45 years old, divorced, and has 3 children.  She is the director of an education program within a non-profit and lives in Boise, Idaho.  Ms. Almerico executed a health care directive in which she specified that life-sustaining medical procedures should be withheld or withdrawn if she becomes terminally ill and is incapacitated.  She struck the sentence on the form that contains the Pregnancy Exclusion language and instead specified that if she becomes terminally ill and incapacitated while pregnant, she only wants to receive life sustaining treatment if her physician determines that the fetus is at or beyond the point of viability and would be able to survive outside her body without intrusive neo-natal life supporting methods or significant long-term damage to the fetus.  Her health care directive specifies that, if that is the case, her agent should direct her health care provider to maintain all life sustaining procedures necessary to deliver the fetus.

20.    Ms. Gaona-Lincoln is a behavioral therapist and lives in Caldwell, Idaho.   She is married and currently pregnant with her first child.  Ms. Gaona-Lincoln executed a health care directive in which she specified that life-sustaining medical procedures should be withheld or withdrawn if she becomes terminally ill and is incapacitated.  If she becomes terminally ill and incapacitated while pregnant, she does not want her health care directive to be nullified; accordingly, her health care directive does not contain the Pregnancy Exclusion language.

21.    Ms. de Loyola-Carkin is married, employed as a volunteer coordinator, and has

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 5

one child.  Ms. de Loyola-Carkin executed a health care directive in which she specified that life-sustaining medical procedures should be withheld or withdrawn if she becomes terminally ill and is incapacitated.  If she becomes terminally ill and incapacitated while pregnant, she does not want her health care directive to be nullified; accordingly, her health care directive does not contain the Pregnancy Exclusion language.

22.     Ms. Sharp is married, is currently working, and is also a student.  She has one child, and is expecting her second child.  Ms. Sharp executed a health care directive in which she specified that life-sustaining medical procedures should be withheld or withdrawn if she becomes terminally ill and is incapacitated.  If she becomes terminally ill and incapacitated while pregnant, she only wants to receive life sustaining treatment if the fetus is at or beyond the point of viability.  Her health care directive specifies that, if that is the case, her agent should direct her health care provider to maintain life sustaining treatment until the pregnancy ends.

23.     Plaintiffs have sought to register their health care directives with the Idaho Health Care Directive Registry maintained by the Idaho Secretary of State.

24.     Plaintiffs Almerico and Loyola-Carkin suffer a daily loss of dignity and invasion of their privacy because their express wishes concerning their health care may be denied should they be incapacitated and diagnosed as pregnant.

25.     Plaintiffs Gaona-Lincoln and Sharp suffer a daily loss of dignity and invasion of their privacy because, despite having executed health care directives, their express wishes will not be followed without any justification other than that they are pregnant.

26.     All Plaintiffs suffer a loss of dignity and invasion of privacy by Defendants' representation that, regardless of the choices Plaintiffs have made regarding their medical care, Defendants will impose their own decisions about Plaintiffs' health care, without regard to Plaintiffs' health care directives or the recommendations of their health care providers.

27.     Defendants promote the use of the model health care directive form and give effect to the Pregnancy Exclusion by instructing those with health care directives that if they are pregnant and become terminally ill, they will receive life-sustaining treatment until the

conclusion of their pregnancies, regardless of the wishes expressed in their health care directives, their physicians' instructions or recommendations, or any other circumstances.

28.      For example, the Idaho Secretary of State's health care directive registry webpage provides a copy of the I.C. § 39-4510 model health care directive form and instructs that those who already have a health care directive should "[c]ompare them to the form provided on this page to be sure that they substantially contain the information required."  Idaho Secretary of State, Health Care Directive Registry, https://sos.idaho.gov/hcdr/index.html (last visited May 30, 2018).   It further states that "[l]ife-sustaining measures *will continue* regardless of any directive to the contrary until the pregnancy is complete."  Idaho Secretary of State, Health Care Directive Registry – Frequently Asked Questions, https://sos.idaho.gov/hcdr/faq.html (last visited May 30, 2018) (emphasis added).

29.      Similarly, the State of Idaho Office of the Attorney General's webpage provides a copy of the I.C. § 39-4510 model form and states that if a woman has a health care directive and becomes incapacitated while pregnant, "[l]ife sustaining measures *will continue* regardless of any directive to the contrary until the pregnancy is complete."  Office of the Attorney General of the State of Idaho, Living Will FAQs http://www.ag.idaho.gov/livingWills/livingWills_faqs.html (last visited May 30, 2018) (emphasis added).

30.      The Department of Health and Welfare's website also provides information on health care directives, including the I.C. § 39-4510 model form, which includes a cover page explaining that if a woman is pregnant when she becomes incapacitated, "[l]ife-sustaining measures *will continue* regardless of any directive to the contrary until the pregnancy is complete."  Idaho Department of Health and Welfare, Consumer Information on Certified Family Homes, http://healthandwelfare.idaho.gov/Medical/LicensingCertification/StateOnlyPrograms/CertifiedFamilyHomes/tabid/274/Default.aspx (last visited May 30, 2018) (emphasis added).

31.      Defendants' proclamations purport to require health care providers to treat women of child bearing age differently than other patients by suggesting that a provider must first make

a threshold determination about pregnancy and then must disregard the woman's health care directive if she is pregnant.  They are also *ultra vires* because, unlike the Act itself, they mandate exactly what treatment a pregnant woman will receive, regardless of her express decisions, the treatment recommendations of her health care providers, or any other circumstances.

32.    Plaintiffs and all other women in Idaho of childbearing age who have executed health care directives are denied their constitutional rights to privacy and equal protection under the law because the validity of their health care directives is called into question by the Pregnancy Exclusion.  Unlike other people in Idaho, they face uncertainty about whether their explicit wishes about their own medical care will be honored because, if subsequent testing reveals they are pregnant, their health care directives will be rendered void and unenforceable.

> **V.    FIRST CAUSE OF ACTION: The Pregnancy Exclusion in Idaho Code Section 39-4510 Deprives Plaintiffs of their Rights to Due Process under the United States Constitution**

33.    Plaintiffs incorporate by reference and reallege Paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34.    Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

35.    The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution forbids the government from depriving an individual of life, liberty, or property, without due process of law.  U.S. Const. amend. XIV, § 1.

36.    Idaho Code 39-4510 deprives Plaintiffs and others similarly situated of their fundamental right to control the decisions relating to their medical care, including the right to request or decline life-sustaining procedures, in violation of fundamental privacy rights guaranteed to them by the due process clause of the U.S. Constitution.  The deprivation of these constitutional rights under the color of state law violates 42 U.S.C. § 1983.

> **VI.    SECOND CAUSE OF ACTION: The Pregnancy Exclusion in Idaho Code Section 39-4510 Deprives Plaintiffs of their Rights to Equal Protection under the United States Constitution**

37.    Plaintiffs incorporate by reference and reallege Paragraphs 1 through 36 of this

Complaint as though fully set forth herein.

38.     Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

39.     Plaintiffs have a right to equal protection under the Equal Protection Clause of the U.S. Constitution.  U.S. Const. amend. XIV, § 1.

40.     Idaho Code § 39-4510 discriminates on the basis of gender, violating the equal protection guarantees of the U.S. Constitution by automatically invalidating a woman's health care directive and restricting her fundamental right to control decisions relating to her medical care, including the right to request or decline life-sustaining procedures and appoint a health care representative, if she has been diagnosed as pregnant.

41.     Idaho Code § 39-4510 also subjects pregnant patients to treatment different than treatment provided to all other patients, in violation of their fundamental rights to medical decision-making and bodily autonomy.

42.     The deprivation of these constitutional rights under the color of state law violates 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment:

A.     Declaring the Pregnancy Exclusion in Idaho's Medical Consent and Natural Death Act to be void for violating Plaintiffs' substantive due process right to privacy guaranteed by the Fourteenth Amendment to the U.S. Constitution.

B.     Declaring the Pregnancy Exclusion in Idaho's Medical Consent and Natural Death Act to be void for violating the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

C.     Enjoining Defendants from nullifying or disregarding otherwise valid health care directives on the basis of pregnancy.

D.     Enjoining Defendants and any other State of Idaho agency from posting the current I.C. § 39-4510 model health directive form on their websites and from instructing the

public that pregnant women will be forced to receive treatment regardless of what their health care directives provide.

      E.      Awarding attorneys' fees and costs to Plaintiffs under applicable law, including 42 U.S.C. § 1988.

      F.      Granting any other relief the Court deems just and proper.

DATED:  May 31, 2018

**PERKINS COIE LLP**

By:   */s/ Richard C. Boardman*

        Richard C. Boardman
        RBoardman@perkinscoie.com
        Alison Hunter
        AlisonHunter@perkinscoie.com
        1111 West Jefferson Street, Suite 500
        Boise, ID  83702-5391
        Telephone:  208.343.3434

**COMPASSION AND CHOICES**

By:   */s/ Kevin Diaz*

        Kevin Díaz (*pro hac vice* pending)
        kdiaz@compassionandchoies.org
        4224 NE Halsey St., Suite 335
        Portland, OR 97213
        Telephone: 503.943.6532

**LEGAL VOICE**

By:   */s/ Sara L. Ainsworth*

        Sara L. Ainsworth (*pro hac vice* pending)
        sainsworth@legalvoice.org
        907 Pine Street, Suite 500
        Seattle, WA  98101
        Telephone: 206.682.9552

*Attorneys for Plaintiffs*