LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN
Chief of Civil Litigation Division

W. SCOTT ZANZIG, ISB # 9361
Deputy Attorneys General
Civil Litigation Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P. O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-2400
Fax:  (208) 854-8073
scott.zanzig@ag.idaho.gov
Attorneys for Defendants

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANNA ALMERICO, CHELSEA GAONA-LINCOLN, MICAELA AKASHA DE LOYOLA-CARKIN and HANNAY SHARP,<br><br>                    Plaintiffs,<br><br>vs.<br><br>LAWERENCE DENNEY, as Idaho Secretary of State in his official capacity, LAWRENCE WASDEN, as Idaho Attorney General in his official capacity, RUSSELL BARRON, as Director of the Idaho Department of Health and Welfare in his official capacity and THE STATE OF IDAHO,<br><br>                    Defendants. | Case No. 1:18-cv-00239-EJL<br><br>**DEFENDANTS' RESPONSE TO MOTION FOR RECONSIDERATION [Dkt. 34]** |

### INTRODUCTION

Plaintiffs cannot meet their burden of proving that the Court's Memorandum Decision

(Dkt. 33) amounted to "'clear error'" or "'was manifestly unjust.'"  *See* Plaintiffs' Memorandum

in Support of Motion for Reconsideration ("Plaintiffs' Reconsideration Memo") (Dkt. 34-1) at 4 (quoting *Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1022 (9th Cir. 2003)). The Court faithfully and properly applied *Salerno's* "no set of circumstances" test to reject Plaintiffs' facial challenge to Idaho Code § 39-4510. Contrary to Plaintiffs' argument, the *Salerno* test does not require courts to also determine that a challenged statute is "narrowly tailored" to further a "compelling government interest," and contains "procedural safeguards." *See* Plaintiffs' Reconsideration Memo at 6. Such a burdensome analysis would devour the *Salerno* rule and render it meaningless. Nor does Plaintiffs' emphasis on their Equal Protection claim allow them to escape *Salerno's* reach. *Salerno* applies with equal force to both Plaintiffs' Due Process and Equal Protection claims.

The Court properly concluded that there are "circumstances in which IC § 39-4510 can be applied in a manner that comports with the Due Process and Equal Protection Clauses of the United States Constitution." Memorandum Decision (Dkt. 33) at 1-2. And it properly decided that therefore Plaintiffs cannot pass the test for facial challenges established by *United States v. Salerno*, 481 U.S. 739 (1987). Thus, the Court committed no clear error.

Nor is the Court's decision "manifestly unjust." To the contrary, the Court granted Plaintiffs leave to amend their complaint to assert as-applied challenges, and it gave them ample time (30 days) to do so.

The Court should deny Plaintiffs' motion for reconsideration.

## ARGUMENT

In *Salerno*, the United States Supreme Court held:

> A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid.

DEFENDANTS' RESPONSE TO MOTION FOR RECONSIDERATION [Dkt. 34] - 2

481 U.S. at 745. This Court faithfully applied Ninth Circuit precedent to determine that the *Salerno* test governs Plaintiffs' facial challenge. *See* Memorandum Decision (Dkt. 33) at 7-10. And it properly applied established law to determine that there are circumstances in which the Idaho statute Plaintiffs challenge could be constitutionally applied. *See id.* at 10-14. As the Court held:

> there are certain circumstances in which a state's interest is sufficiently compelling to allow that state to, in effect, direct the care that the patient receives. Those circumstances could be constitutionally applied here to restrict a woman's right to control her end-of-life medical care.

*Id.* at 12.

Plaintiffs attack the Court's analysis on two main grounds. First, they argue that the Court failed to properly apply *Salerno*. The gist of the argument is that *Salerno* requires a court to do far more than conclude that there are circumstances where the challenged law could be constitutionally applied. In substantive due process cases, Plaintiffs would require courts to subject every facially challenged statute to a detailed analysis to determine whether the statute satisfies strict scrutiny (*i.e.,* that it is narrowly tailored to serve a compelling government interest), and whether it contains sufficient procedural safeguards. Second, even though the Court expressly considered Plaintiffs' Equal Protection claim, Plaintiffs fault the Court for failing to adequately address their argument.

Neither of Plaintiffs' arguments has merit.

**A.     The Court Properly Applied *Salerno*, Because Its "No Set of Circumstances" Test Does Not Require the Additional Factors Plaintiffs Have Suggested.**

The Court rightly determined that Plaintiffs failed to meet *Salerno's* "no set of circumstances" test because "all Defendants must show" is that "there are circumstances under which a pregnant woman's right to autonomy in her health care decisions can be circumscribed by the state's right to protect a third party." Memorandum Decision (Dkt. 33) at 14. Plaintiffs

DEFENDANTS' RESPONSE TO MOTION FOR RECONSIDERATION [Dkt. 34] - 3

contend that the Court erred, arguing that the *Salerno* test is far more complicated and requires several additional determinations to reject a facial challenge.

Plaintiffs' imaginative reading of *Salerno* is contrary to case law and unsupported by any authority. The Ninth Circuit has consistently interpreted *Salerno* precisely the way this Court did, not the way Plaintiffs want to interpret it. *See, e.g., Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 556 (9th Cir. 2004) (applying the same *Salerno* test this Court applied to a substantive due process claim; no mention or analysis of a compelling interest or narrow tailoring); *S.D. Myers, Inc. v. City & Cty. of San Francisco*, 253 F.3d 461, 472 (9th Cir. 2001) (applying the same *Salerno* test this Court applied to a substantive due process claim; no mention or analysis of a compelling interest, narrow tailoring, or procedural safeguards). Plaintiffs have cited no case interpreting *Salerno* to require the burdensome inquiry they suggest.[1]

It's no surprise that Plaintiffs have no authority to support their view. Plaintiffs' approach would effectively write *Salerno* out of existence and subject every facial challenge to a decision on the merits. Plaintiffs contend that *Salerno* requires courts to determine whether the challenged law is narrowly tailored to serve a compelling government interest. This is the strict scrutiny standard.[2] In its determination that Idaho Code § 39-4510 can be constitutionally applied, the Court did conclude that the law does serve a compelling government interest, at least

---

[1] The *Tucson Woman's Clinic* opinion did separately analyze a procedural due process claim. 379 F.3d at 555-56. But Plaintiffs' First Amended Complaint (Dkt. 16) does not assert such a claim. *See* Dkt. 16 at 8, ¶ 35 (challenging substance of statute). In this case, Plaintiffs do not allege that any hospital employs deficient procedures in determining whether a woman is pregnant, whether she is incapacitated, or what procedures are medically necessary and appropriate. The lack of any evidence or even allegations on this point highlights the impropriety of considering Plaintiffs' facial challenge. *See Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 451 (2008) (decrying the "risk of premature interpretation of statutes on factually barebone records").

[2] *See, e.g., Nunez v. City of San Diego*, 114 F.3d 935, 946 (9th Cir. 1997) (citing *Plyler v. Doe*, 457 U.S. 202, 217 (1982) (in order to survive strict scrutiny, statute "must be narrowly tailored to promote a compelling governmental interest").

DEFENDANTS' RESPONSE TO MOTION FOR RECONSIDERATION [Dkt. 34] - 4

in some circumstances. *See* Memorandum Decision (Dkt. 33) at 12 (State's interest is "sufficiently compelling"). But if all facially challenged statutes were required to satisfy both prongs of the strict scrutiny test, then *Salerno* would be effectively eliminated. The "narrowly tailored" prong is logically inconsistent with *Salerno*. *Salerno* protects from facial challenges laws that may sweep broadly and permit some unconstitutional applications, so long as their application in other circumstances would be constitutional. By definition, such laws are not tailored as narrowly as they could be.

The novel test Plaintiffs propose would greatly broaden the scope of permissible facial challenges. Plaintiffs' proposed *Salerno* test would run directly contrary to the purposes the Supreme Court has cited for limiting facial challenges. It would "(1) 'raise the risk of premature interpretation of statutes on factually barebone records,' (2) 'run contrary to the principle of judicial restraint,' and (3) 'threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented in a manner consistent with the Constitution.'" Memorandum Decision (Dkt. 33) at 5 (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 451 (2008)).

The Court should reject Plaintiffs' unsupported – and unsupportable – reading of *Salerno*. The Court got the test right in its Memorandum Decision.

**B.  Plaintiffs' Equal Protection Claim Fails the *Salerno* Test.**

Plaintiffs contend that the Court failed to analyze their Equal Protection claim. But in fact, the Court specifically referenced the claim in its analysis, *see* Memorandum Decision (Dkt. 33) at 2, 12; and, as the Court noted, the Ninth Circuit has applied *Salerno* to Equal Protection claims as well as Due Process claims, *id.* at 9 (citing and quoting *Tucson Woman's Clinic*, 379 F.3d at 539).

To the extent Plaintiffs' Equal Protection claim is based on a fundamental right to refuse unwanted medical treatment, the claim fails for the same reason their Due Process claim fails. At least in some circumstances, a state's interest in protecting fetal life "is sufficiently compelling to allow that state to, in effect, direct the care that the patient receives." Memorandum Decision (Dkt. 33) at 12. *See also id.* at 13-14 (discussing *Pemberton v. Tallahassee Mem. Reg. Med. Ctr., Inc.*, 66 F. Supp. 2d 1247 (N.D. Fla. 1999), and concluding "there are circumstances under which a pregnant woman's right to autonomy in her health care decisions can be circumscribed by the state's right to protect a third party").[3]

To the extent Plaintiffs' Equal Protection claim is based on alleged gender discrimination, it fares no better. Plaintiffs argue that there is no rational basis "for singling out pregnant people," Plaintiffs' Reconsideration Memo (Dkt. 34-1) at 16, but that argument ignores the obvious biological reason for the classification. The compelling purpose of the law is to protect fetal life, which is biologically dependent upon the health of the fetus' pregnant mother. Contrary to Plaintiffs' suggestion, the Idaho statute does not make an irrational distinction between pregnant women and others based on archaic and stereotypic notions. *See id.* at 18. Rather, it furthers an important governmental objective – protecting fetal life – through a means directly and physiologically related to that objective. Thus, Idaho Code § 39-4510 easily satisfies the standard for gender-based classifications. *See Nguyen v. INS*, 533 U.S. 53, 60-61 (2001) (quoting *United States v. Virginia*, 518 U.S. 515, 533 (1996)). As the Court made clear in

---

[3] *Cf. Tucson Woman's Clinic*, 379 F.3d at 544-45 (equal protection claim based on impact on abortion rights "collapses with [plaintiffs'] undue burden claim"). In other words, the equal protection claim based on an alleged violation of a fundamental right is no more valid than the independent fundamental right claim on which it is based.

*Nguyen*, gender distinctions are permissible and do not violate Equal Protection when they take "into account a biological difference." 533 U.S. at 64.[4]

Plaintiffs suggest that the Idaho statute is under-inclusive because it fails to limit the health care choices of all persons upon whom someone else may be reliant. *See* Plaintiffs' Reconsideration Memo (Dkt. 34-1) at 18-19. This argument fails to recognize that "[t]he Equal Protection Clause does not require that a State must choose between attacking every aspect of a problem or not attacking the problem at all." *Dandridge v. Williams*, 397 U.S. 471, 486-87 (1970). Idaho has made a legitimate, constitutionally-sound choice to protect fetal life by focusing on the most direct, biological link: fetuses' pregnant mothers. The Equal Protection Clause does not require it to also regulate every other feasible connection to the fetus.

Finally, Plaintiffs try to resurrect their facial Equal Protection challenge by seizing on the language in the Court's order suggesting that "'constitutional injury could . . . be described as occurring at the moment the state limits a woman's right to prospectively dictate the healthcare she receives . . . .'" *See* Plaintiffs' Reconsideration Memo (Dkt. 34-1) at 17-18. While this theory might help a plaintiff establish standing to bring an as-applied challenge as the Court suggested, it does not solve Plaintiffs' *Salerno* problem. If, as *Pemberton* holds, under proper circumstances a state may decide not to honor a conscious woman's request to refuse a caesarian section, it may also decide not to honor written instructions to that effect in the same patient's healthcare

---

[4] As Justice Stewart explained in his concurring opinion in *Michael M. v. Superior Ct. of Sonoma Cty.*, 450 U.S. 464 (1981):

> [T]he Equal Protection Clause does not mean that the physiological differences between men and women must be disregarded. . . . The Constitution surely does not require a State to pretend that demonstrable differences between men and women do not really exist.

*Id.* at 481.

DEFENDANTS' RESPONSE TO MOTION FOR RECONSIDERATION [Dkt. 34] - 7

directive.[5]  No matter how Plaintiffs characterize their injury, they cannot establish that the law is unconstitutional in all applications.

The Court correctly decided that Plaintiffs' facial challenge fails to meet *Salerno's* "no set of circumstances" test.

## CONCLUSION

The Court should deny Plaintiffs' Motion for Reconsideration (Dkt. 34) because Plaintiffs cannot meet their burden of establishing that the Court's Memorandum Decision (Dkt. 33) amounted to clear error or was manifestly unjust.  The Court correctly determined that Plaintiffs' facial challenge must fail.  If Plaintiffs want to continue pursuing claims, they should avail themselves of the avenue the Court provided: file an amended complaint asserting as-applied challenges.

Dated this 2nd day of May, 2019.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By: _____/s/_____
W. SCOTT ZANZIG
Deputy Attorney General

---

[5] Suppose, like Ms. Pemberton, a pregnant woman arrives at the hospital in labor and experiencing complications.  Instead of orally telling her obstetrician that she does not want a caesarian section, she signs a health care directive stating that she does not want that or any other treatment that might save her life.  The pregnant woman's condition worsens and she becomes incapacitated.  The doctor and her colleagues determine that a caesarian section is necessary to save the fetus and mother.  Relying on Idaho Code § 39-4510, the hospital does not honor the written directive the pregnant woman signed upon her arrival.  And relying on the authority in Idaho Code § 39-4504(i), the hospital decides to proceed with the caesarian section.  The obstetrician performs the procedure, which results in the birth of a healthy child and saves the mother's life.  As in *Pemberton,* this process would be constitutional.

DEFENDANTS' RESPONSE TO MOTION FOR RECONSIDERATION [Dkt. 34] - 8

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 2nd day of May, 2019, I electronically filed the foregoing with th**e Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following** persons:

Richard C. Boardman
RBoardman@perkinscoie.com

Kevin Díaz
kdiaz@compassionandchoices.org

Sara L. Ainsworth
sainsworth@legalvoice.org

Kim Clark
kclark@legalvoice.org

                /s/
                W. SCOTT ZANZIG

DEFENDANTS' RESPONSE TO MOTION FOR RECONSIDERATION [Dkt. 34] - 9