UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANNA ALMERICO, CHELSEA GAONALINCOLN, MICAELA AKASHA DE LOYOLA-CARKIN and HANNAY SHARP,<br><br>    Plaintiffs,<br><br>    v.<br><br>LAWERENCE DENNEY, as Idaho Secretary of State in his official capacity, LAWRENCE WASDEN, as Idaho Attorney General in his official capacity, RUSSELL BARRON, as Director of the Idaho Department of Health and Welfare in his official capacity and THE STATE OF IDAHO,<br><br>    Defendants. | Case No. 1:18-cv-00239-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's Memorandum Decision and Order. Dkt. 34. For the following reasons, the Court DENIES Plaintiffs' Motion for Reconsideration.

## LEGAL STANDARD

Rule 59 is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Instead, reconsideration of a final judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the

interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). A losing party cannot use a post-judgment motion to reconsider as a means of litigating old matters or presenting arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

As a result, there are four limited grounds upon which a motion to alter or amend judgment may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington North. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

**ANALYSIS**

Plaintiffs' Motion for Reconsideration advances two arguments. First, Plaintiffs argue that the court misapplied the Unite States Supreme Court's decision in *United States v. Salerno*, 481 U.S. 739 (1987). Dkt. 34-1 at 5-14. Second, Plaintiffs argue that the Court failed to address and improperly dismissed their distinct Equal Protection Clause claim. Both mistakes, according to Plaintiffs, constitute clear error and result in manifest injustice. Plaintiffs' arguments are meritless.

### 1. *Salerno* Does Not Require the Court to Apply Strict Scrutiny

Plaintiffs' first argument is that the Court, pursuant to *Salerno*, is required to apply strict scrutiny to the Pregnancy Exclusion in evaluating its constitutionality. This

interpretation of *Salerno* would turn the case on its head. Although the Supreme Court in *Salerno* did analyze whether the Bail Reform Act complied with substantive and procedural due process, it did so pursuant to the standard for facial challenges. The Supreme Court could not have been clearer as to that standard:

> A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid. The fact that the Bail Reform Act might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid…

*Id.* at 745. Thus, the Supreme Court did not engage in its analysis of the Bail Reform Act's compliance with substantive and procedural due process for the purpose of analyzing whether the Bail Reform Act satisfied strict scrutiny. Instead, the Supreme Court engaged in the substantive and procedural due process analysis for the *limited purpose* of answering the question of whether there might be a circumstance in which the Bail Reform Act could be applied constitutionally.

This is the exact process used by this Court in its prior Memorandum Decision and Order. After determining that *Salerno*'s "no set of circumstances" language applied to Plaintiffs' due process and equal protection challenges, *see Almerico v. Denney*, No. 1:18-CV-00239-BLW, 2019 WL 1413745, at *1-4 (D. Idaho Mar. 28, 2019), the Court concluded that a potential set of circumstances existed in which the State could (1) limit a woman's ability to prospectively dictate her healthcare choices and (2) dictate the medical care that a pregnant woman receives. *Id.* at *5-7. *Salerno* bars a more searching analysis, as does precedent from the United States Court of Appeals for the Ninth Circuit.

*See, e.g.*, *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 556 (9th Cir. 2004) (limiting its analysis of plaintiffs' substantive due process claim to whether plaintiffs had presented any evidence to "show that there are no circumstances under which the delegation could be applied constitutionally").

### 2. *The Court Did Not Overlook Plaintiffs' Equal Protection Clause Claim*

Plaintiffs also argue that the Court failed to address their Equal Protection Clause claim. Plaintiffs are wrong. The Court's introduction in its prior Memorandum Decision and Order posed the following question: "if *Salerno* applies, is there a set of circumstances in which IC § 39-4510 can be applied in a manner that comports with the Due Process and *Equal Protection Clauses* of the United States Constitution?" *Almerico*, 2019 WL 1413745, at *1 (emphasis added). Section 2 of the Court's opinion answered this question in the affirmative for both conceptions of the right at issue in this case. *Id.* at *5-7. The Pregnancy Exclusion does not offend the Equal Protection Clause in all circumstances, and therefore survives under *Salerno*.

### ORDER

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Reconsideration (Dkt. 34) is **DENIED**. The stay in this case (Dkt. 36) is **LIFTED**. Plaintiffs have thirty (30) days from the date of this Memorandum Decision and Order to file an amended complaint. If an amended complaint is not filed, the Clerk of the Court is hereby **ORDERED** to close this case.



DATED: June 17, 2019

_____
B. Lynn Winmill
U.S. District Court Judge